UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERI CLARK,<br><br>        Plaintiff,<br><br>v.<br><br>HOMESERVICES LENDING LLC, *et al.*,<br><br>        Defendants. | Case No. 11-cv-1451-L(MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES AND COSTS [DOC. 33]** |

      On June 30, 2011, Plaintiff Sheri Clark commenced this action against Defendants Homeservices Lending LLC d/b/a Homeservices and Doherty Employment Group, Inc. to recover unpaid wages under federal and state law. On December 2, 2011, Plaintiff accepted Defendants' Rule 68 Offer of Judgment in the amount of $37,102.00, which also allows Plaintiff to seek reasonable attorneys' fees and costs. Plaintiff now moves for an award of attorneys' fees and costs in the amount $52,550.50. This is one of three requests for attorneys' fees among a group of seven related cases against Defendants to recover unpaid wages. Defendants oppose.

      The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 34.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorneys' fees and costs.

**I.   ANALYSIS[1]**

Plaintiffs are entitled to attorneys' fees under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b); *see also Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983) ("The FLSA grants prevailing plaintiffs a reasonable attorney's fee."). Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks omitted). The fee applicant bears the burden of demonstrating that the number of hours spent were "reasonably expended" and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). It is likewise the fee applicant's burden to "submit evidence supporting the hours worked and rates claimed . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citing *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984); *Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir. 1987)).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Those factors—also known as the *Kerr* factors—include:

//

---

[1] The collection of related cases against Defendants also includes: *Buchanan v. Homeservices Lending LLC*, No. 11-cv-922-L-MDD; *Shaw v. Homeservices Lending LLC*, No. 11-cv-924-L-MDD; *Dawson v. Homeservices LLC*, No. 11-cv-1037-L-MDD; *McGraw v. Homeservices Lending LLC*, No. 11-cv-1138-L-MDD; *Butler v. Homeservices Lending LLC*, No. 11-cv-2313-L-MDD; and *Olmsted v. Homeservices Lending LLC*, No. 12-cv-745-L-MDD. *Dawson* and *McGraw* both have nearly identical motions for attorneys' fees and costs also pending.

| | |
|---|---|
| 1 | (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. |

*Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quoting *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1995) .

The parties do not dispute that Plaintiff is entitled to seek reasonable attorneys' fees.  Nor do they dispute applying the lodestar method.  They do, however, disagree whether the number of hours were reasonably expended.  Plaintiff argues that her request is reasonable because her counsel expended a reasonable and necessary amount of time litigating against Defendants' vigorous defense. (Pl.'s Mot. 10:13–22.)  Defendants respond that the hours sought are unreasonable because they are excessive and duplicative. (Defs.' Opp'n 5:18–7:6.)  But they do not challenge the costs sought.

### A.    Recoverable Hours

To support their contention that the hours billed are excessive and duplicative, Defendants present several charts.  The first, included in Defendants' opposition, presents work that was purportedly duplicative.  The second and third, both attached as exhibits, summarize "additional items . . . which are completely erroneous since they could have been done by a legal assistant at a much lower rate," and "what Defendants believe would be [a] reasonable attorneys' fees amount."  (Defs.' Notice of Lodgment, Exs. 1 & 2 [Doc. 37-8].)  Plaintiff responds that Defendants' contentions are meritless, and the charts are irrelevant and lack foundational support.

//
//
//

Plaintiff is correct that the charts in and of themselves do not provide any evidentiary support for Defendants. In particular, the second and third charts fail to meet Defendants' burden of rebuttal. *See Gates*, 987 F.2d at 1397-98. Those two charts do not provide any substance to challenge Plaintiff's request, but rather merely in conclusory fashion state Defendants' belief that some items could have been billed at a lower rate and their perception of reasonable attorneys' fees should be. That is wholly insufficient.[2] *See id.*

However, Defendants' chart summarizing duplicative billing is different. Though the chart itself is not evidence, it refers to documents already put forth as evidence, namely Plaintiff's billing records. Additionally, this chart also references court documents filed by Plaintiff in not only this case, but also in the two related cases with pending motions for attorneys' fees. Defendants also include these documents as exhibits to its opposition.[3] (*See* Kaufman Decl. Exs. 1–27.) After comparing Defendants' chart of duplicative work with the billing records and other evidence submitted, the Court finds that the chart is accurate.

Looking at these documents, the Court agrees with Defendants that the filings identified involved duplicative work. For example, after closer inspection, it is clear that the complaints in this case, *Dawson*, and *McGraw* are virtually identical. There are minor tweaks to names and some details, but the factual and legal allegations are identical. Moreover, even the paragraph numbering tracks 1-to-1 between these three complaints. Plaintiff's motion to strike and motion to quash are also nearly identical to the same motions filed in *Dawson* and *McGraw*. Lending further credence to Defendants' contention is that almost all of these items listed as duplicative span the exact same dates in their respective billing records. For example, attendance of a telephonic ENE is listed in all three cases as having occurred on 8/25/11, drafting discovery in all three occurred from 9/12/11 to 11/10/11, and review of the protective order in all three

---

[2] Defendants also challenge work billed for alleged improper subpoenas to Plaintiff's current employer. (Defs.' Opp'n 11:21–12:24.) It is unclear which exact billing values Defendants are challenging. Given that it is not the Court's job to sift through detailed and voluminous billing records, the Court rejects this challenge. *See Gates*, 987 F.2d at 1397-98.

[3] Additionally, the Court takes judicial notice of all documents filed in the related cases identified above.

occurred on 9/13/11 and 10/4/11.

Accordingly, the Court reduces all of the duplicative entries in Plaintiff's billing records by two-thirds, with the exception of the work done drafting the ENE briefs. The Court finds that such reduction is reasonable and warranted to account for the duplicative work divided among two or three cases, and that Plaintiff failed to meet her burden showing that a good-faith effort was made to exclude these redundant hours. *See Hensley*, 461 U.S. at 434. The total reduction of attorneys' fees in this case as a result of duplicative billing will thus amount to $5,596.67.[4]

**B.    Lodestar Multiplier**

Under the lodestar approach, "[t]he court may . . . enhance the lodestar with a 'multiplier', if necessary, to arrive at a reasonable fee in light of all the circumstances of the case." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995). The court may "adjust[] the lodestar figure on the basis of [the] *Kerr* factors not already subsumed in the initial calculation."[5] *McGrath*, 67 F.3d at 252. "Application of a multiplier is completely within the Court's discretion." *Hess v. Ramona Unified Sch. Dist.*, No. 07-CV-49 W(CAB), 2008 WL 5381243, at *8 (S.D. Cal. Dec. 19, 2008) (Whelan, J.).

Plaintiff argues that she should be granted a 1.5 multiplier because of the contingent nature of the case, considerable financial risk to Plaintiff's counsel, and the time and labor required. (Pl.'s Mot. 16:19–19:11.) Plaintiff particularly emphasizes the first argument. However, "[f]ederal law, unlike California law, does not allow for contingency multipliers."

---

[4] [$2,500.00 (Drafting Complaint) + $965.00 (Drafting Motion to Strike) + $175.00 (Attend Telephonic ENE) + $4,200.00 (Drafting Discovery) + $205.00 (Review Protective Order) + $350.00 (Drafting Motion to Quash)][2/3] = $8,395.00 x 2/3 = $5,596.67.

[5] Courts have also applied a similar six-factor analysis to decide whether a percentage increase of attorneys' fees is fair and reasonable. *See, e.g.*, *Schiller v. David's Bridal, Inc.*, No. 10-cv-616, 2012 WL 2117001, at *16 (E.D. Cal. June 11, 2012). These factors include: (1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases. *Id.* These factors clearly and substantially overlap with the *Kerr* factors. However, the parties do not address which list of factors is applicable here. For the sake of completion, the Court will also take into account appeals to any of these six factors.

*Murillo v. Pac. Gas & Elec. Co.*, No. CIV 2:08-1974, 2010 WL 2889728, at *10 (E.D. Cal. July 21, 2010). Given that Plaintiff seeks attorneys' fees under the FLSA, a federal statute, applying a contingency multiplier is not appropriate. (*See* Pl.'s Mot. 2:22–3:1.) Similarly, the financial risk of non-payment that Plaintiff contemplates is a result of the contingent nature of the case. Thus, applying a multiplier for that reason is also not appropriate. To justify the multiplier on the basis of time and labor required, Plaintiff merely states that it spent approximately 105.29 hours litigating this case, and achieved "absolute victory" against a "huge company" and "one of the biggest and most respected law firms in the United States." (Pl.'s Mot. 19:3–9.) That explanation is wholly insufficient. Accordingly, the Court finds that applying a multiplier is not necessary to arrive at a reasonable fee. *See Van Vranken*, 901 F. Supp. at 298.

## II.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorneys' fees and costs, and **AWARDS** Plaintiff **$28,976.83** in attorneys' fees and **$690.25** in costs.[6] (Doc. 33.)

**IT IS SO ORDERED.**

DATED: June 25, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[6] Plaintiff seeks $52,550.50 in attorneys' fees and costs. That total accounts for $34,573.50 times the 1.5 lodestar multiplier plus $690.25 in costs. The Court's attorneys' fees calculation removes the multiplier and subtracts $5,596.67 for the reasons discussed above. That total amounts to $28,976.83 in attorneys' fees.